IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WINNEBAGO TRIBE OF NEBRASKA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-cv-00913L<br>Judge Margaret M. Sweeney |

**PARTIES' JOINT STATUS REPORT PURSUANT TO COURT ORDER DATED MARCH 8, 2007**

Pursuant to this Court's Orders dated March 8, 2007,[1] Plaintiff Winnebago Tribe of Nebraska and Defendant United States of America (the parties) hereby submit the following joint status report about (1) whether a document preservation order similar to the one issued on March 19, 2004, in Pueblo of Laguna v. United States (Laguna), 60 Fed. Cl. 133 (2004),[2] is necessary in this case; and (2) whether the jurisdictional limitations set forth in 28 U.S.C. § 1500 apply to this case.

**I. Need for Document Preservation Order in this Case**

The parties have discussed and agreed that there is no need in this case for a document preservation order similar to the one issued on March 19, 2004, in Laguna, supra. As explained by Defendant in greater detail below, the United States Departments of the Interior (Interior) and of the Treasury (Treasury), i.e., the federal agencies that are involved in the Tribal trust accounting and trust mismanagement issues and claims asserted by Plaintiff in this case, have already implemented

[1] By orders dated April 13 and April 23, 2007, the Court granted Defendant's unopposed request to extend the filing deadline of this Joint Status Report to April 30, 2007.

[2] See also Jicarilla Apache Nation v. United States (Jicarilla), 60 Fed. Cl. 413 (2004).

policies and procedures that are fully adequate to preserve and retain the documents and data at the agencies that are relevant or potentially relevant to Plaintiff's issues and claims herein.

**A. Department of the Interior**

The Interior Department established the Office of Trust Records (OTR) in 1999. See Exhibit A (attached). OTR's mission is to develop and implement a program for the economical and efficient management of trust records, consistent with the American Indian Trust Fund Management Reform Act of 1994, Pub.L. No. 103-412 (1994); the Federal Records Act, Pub.L. 81 Pub. L. No 754; and a host of other statutes and implementing regulations. Id. Since 1999, OTR has been involved actively in Interior's efforts to manage and safeguard Indian Tribal trust records.[3] Id. To that end, OTR has promulgated policies and procedures that instruct its employees, inter alia, about the identification of Indian trust records and the requirements for their retention and preservation. Part 303 of Interior's Departmental Manual (DM) sets forth the policies and procedures for

---

[3] OTR has defined "Tribal trust records" as

> all documents, data, and records upon which the Government must rely to fulfill its trust duties to recognized Indian Tribes pursuant to the American Indian Trust Fund Management Reform Act of 1994 (P.L. No. 103-412), and other applicable statutes; for example, those which evidence the existence of Tribal trust assets (e.g., ownership data, trust patents, plot descriptions, surveys, jacket files, statements of accounts, etc.), the collection of income from Tribal trust assets (e.g., deposit tickets, journal vouchers, schedule of collections, etc.), the use of Tribal trust assets (e.g., leases, sales, rights-of-way, investment reports, production reports, sales contracts, etc.), the management of Tribal trust assets (e.g., daily ledgers, investment reports, production verification reports, trespass enforcement, timber stumpage reports, royalty production reports, etc.), or the disbursement of Tribal trust assets (e.g., transaction ledgers, check registers, transaction registers, or lists of cancelled or undelivered checks, etc.). Tribal trust assets are lands, natural resources, money or other assets that are or were held by the Federal government in trust, or that are were restricted against alienation for Indian tribes.

See Exh. C.

identifying, managing, protecting, and controlling Indian trust records. Exh. B. OTR officials frequently train both Interior and tribal employees to ensure their familiarity with Indian trust records and to assure compliance with the Department's established records retention schedules and management procedures. See generally Exhs. A and B. Interior's records retention schedules, specifically the ones pertaining to Indian Fiduciary Financial trust records that are contained in the Bureau of Indian Affairs Manual (BIAM), have been approved by the National Archives and Records Administration (NARA) and provide for the permanent retention of such records. See generally Exh. A; see also BIAM Series 4400, 4500, 4600, 4800.

In March 2002, the Deputy Secretary of the Interior issued a Departmental Memorandum imposing a freeze on the destruction of all Indian trust records. Exh. C. This memorandum instructed "all Interior employees to immediately preserve all documents, e-mail, and other records relating to Indian Tribal trust funds and Tribal trust assets, even if record retention schedules or other rules, manuals, or handbooks would allow their destruction." Id. The memorandum charged supervisors with assuring that subordinate employees in the possession, custody and control of Tribal trust documents understand the importance of preserving them, and, further, it held employees accountable for failure to do so. Id.

In April 2002, the Deputy Secretary sent to the Special Trustee for American Indians and the Assistant Secretary for Indian Affairs a memorandum about the management of Indian trust records. Exh. D. Among other things, this memorandum reiterated the mandate set forth in the March 2002 memorandum banning the destruction of Indian trust records. Id. This Department-wide prohibition on the disposition of Tribal Trust Records remains in effect to this day. See id.; see also 16 BIAM Series 4400, 4500, 4600, 4800.

On April 6, 2004, the Deputy Secretary issued a memorandum to the heads of various components and sub-agencies of the Interior Department[4/] about the document preservation orders that had been issued in Laguna, supra, and Jicarilla, supra. Exh. E. This memorandum re-affirmed the existing duties, responsibilities, and obligations of Interior Department officials and employees to preserve Indian trust documents and data as set forth in the Departmental Memorandum dated March 20, 2002. Id. at 2. The memorandum also imposed preservation and retention obligations pertaining to relevant or potentially relevant data and information on the telephone and voice-mail systems of the Interior Department. Id.

Since the issuance of these memoranda by the Deputy Secretary, Interior has published periodic reminders containing instructions regarding certain document preservation obligations. The publications have occurred on July 9, 2004, July 13, 2004, and October 26, 2006. Exhs. F, G, H.

On March 12, 2007, the Acting Deputy Solicitor issued a Departmental Memorandum to the heads of various components and sub-agencies of the Interior Department,[5/] reiterating Interior's

---

[4/] The recipients of this memorandum were the Secretary; Acting Solicitor; Assistant Secretary-Fish and Wildlife and Parks; Assistant Secretary-Indians Affairs; Assistant Secretary-Land and Minerals Management; Assistant Secretary-Policy, Management and Budget; Assistant Secretary-Water and Science; Deputy Assistant Secretary-Policy; Inspector General; Director, U.S. Geological Survey; Director, Bureau of Land Management; Director, Minerals Management Service; Commissioner, Bureau of Reclamation; Acting Director, Bureau of Indian Affairs; Special Trustee for American Indians; Director, Office of Trust Records; Director, Office of Historical Trust Accounting; Associate Director, Minerals Revenue Management, MMS; Regional Director, Southwest Region, BIA; Superintendent, Jicarilla Agency, BIA; Superintendent, Laguna Agency, BIA; Superintendent, Southern Pueblos Agency, BIA. Exh. E.

[5/] Once again, the recipients of the memorandum were the Office of the Secretary; Office of the Solicitor; Office of the Special Trustee; Office of Historical Trust Accounting; Office of the Inspector General; Office of the Assistant Secretary-Indian Affairs; Bureau of Indian Affairs; Office of the Assistant Secretary-Policy, Management and Budget; Office of Hearings and Appeals; Office of the Assistant Secretary-Land and Minerals; Minerals Management Service; Office of Surface

(continued...)

policy regarding the preservation and retention of Indian trust-related documents and data. Exh. I. Among other things, the memorandum identified, by name, the Tribes (including Plaintiff herein) or groups that had filed trust accounting and trust mismanagement cases against Defendant. Id. Using the broad language set forth in the document preservation order in Laguna, supra, and Jicarilla, supra, the memorandum mandated the preservation of "all documents, data, and tangible things in the possession, custody or control" of Interior employees, bureaus, and offices that may be relevant to the subject matter of the Tribal trust cases.[6/] Id. at 2. The memorandum applied to all paper documents, electronically stored information, and other materials, such as maps, videos, calendars, and charts, and it included those materials stored at off-site storage facilities and Federal Records Centers (FRCs). Id. Further, the memorandum instructed Interior employees about the obligations imposed by the recent amendments to the Federal Rules of Civil Procedure to preserve electronically stored information and directed them to comply with those obligations. Id. at 3.

---

[5/](...continued)
Mining; Bureau of Land Management; Office of the Assistant Secretary-Fish, Wildlife and Parks, Fish and Wildlife Service; Office of the Assistant Secretary-Water and Science; Bureau of Reclamation; United States Geological Survey. Exh. I.

[6/] The Office of the Solicitor defined "relevant information" as

> reflecting, referring or relating to (1) any asset, such as funds, land, minerals, forestry, sand and gravel, or that resources, that is, or at any time has been held in trust by the United States or its agents for the Plaintiff; (2) policies, procedures, guidelines, or correspondence relating to any aspect of the management or administration of trust assets; (3) proceeds, interest, or income from trust assets; or disbursement, distribution, disposition or transfer of any trust assets; (4) reports, appraisals, reconciliations, or evaluations of any trust assets; and (5) information that serves to identify, locate, or link any relevant information, such as file inventories, file folders and indices.

Exh. I at 2.

Additionally, the memorandum required Interior employees to retain and preserve Indian trust documents and data retroactively and prospectively. Id.

**B. Department of the Treasury**

Treasury has implemented retention policies and procedures for documents relating to Tribal trust funds.[7] Treasury's retention policy relies in part on a successful structure that it developed to comply with a retention order issued in connection with Cobell, supra. See generally Exhs. J, K, L. Shortly after the filing of Tribal trust accounting and trust mismanagement cases in the Spring of 2002, Treasury instructed its employees to take steps to "preserve any potentially relevant documents and to perform an initial identification of what documents we have."[8] Exh. M (with attachments). Treasury stressed that its employees have to "retain and maintain those records associated with the tribal trust fund accounts, regardless of NARA approved disposition schedules." Id. This directive remains in full force and effect today. Id.; see also Exhs. N-Q.

In addition to the foregoing Treasury Department directive, the Treasury bureaus that have program responsibilities relating to Tribal trust funds, i.e., the Financial Management Service (FMS) and the Bureau of Public Debt (BPD), have implemented their own document retention policies and

---

[7] To the extent that this case involves Treasury, that involvement pertains to Treasury's asserted role as a co-trustee for funds held in trust for Plaintiff.

[8] Treasury applies its retention policies, described at Exhibits M-Q, to records in a wide variety of media. Treasury defines "record" to include:

> any handwritten, typed or printed documents (such as memoranda, correspondence, telephone logs, calendars, notes, books, brochures, studies, writings, drafts, transcripts, and minutes). The term "record" also includes documentary material in other forms (such as electronic documents or presentations, electronic mail, magnetic tapes, computer disks, audio or video records, slides, microfilm and motion pictures).

Exh. M.

procedures specifically for the Tribal trust cases, as well as the Cobell litigation. See, e.g., Exhs. N, O. These policies and procedures are not only widely available to employees on the Departmental components' Intranet, but also included in periodic reminders and discussed within the bureaus. Exhs. P, Q, R. In addition to existing procedures for the retention of documents in paper format, both FMS and BPD have procedures in place to assure retention of electronic documents potentially relevant to Indian tribal trust funds. Exhs. Q, R.

The parties believe that the document retention policies pertaining to Tribal trust funds that are presently in effect at Treasury obviate the need for additional preservation orders similar to those issued in Cobell, supra; Laguna, supra; and Jicarilla, supra. Cf. Exh. K (Order in Cobell dated August 11, 1999); Exh. S (Order in Laguna dated March 19, 2004); and Exh. T (Order in Jicarilla dated March 19, 2004), with Exhs. N, O.

**II. Parties' Positions Regarding 28 U.S.C. § 1500**

Plaintiff does not believe that the Complaint in this case, as presently pled, implicates the jurisdictional limitations contained in 28 U.S.C. § 1500. While Plaintiff has filed and is maintaining this case and a companion case in the United States District Court for the District of Columbia, Winnebago Tribe of Nebraska v. Kempthorne, Civ. No. 1:05cv02493-JR (D.D.C.), and, while the issues and claims presented by Plaintiff in both cases relate generally to the trust accounting and trust management duties and responsibilities allegedly owed by Defendant to Plaintiff, Plaintiff takes the position that the Complaint in this case seeks relief that is distinct from the relief requested in the Complaint in the District Court companion case. Specifically, Plaintiff demands monetary relief or damages in this case, while it seeks declaratory and injunctive relief in the District Court.

Defendant is still investigating the applicability of 28 U.S.C. § 1500 to this case, but, at this

time, it has not determined that 28 U.S.C. § 1500 is implicated herein.

Notwithstanding the foregoing, the parties reserve their right to amend their positions as to the applicability of 28 U.S.C. § 1500 as this case and the companion case in the District Court evolve and relevant facts become more fully developed**.**

Respectfully submitted this 30th day of April, 2007,


MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Brian J. Leinbach*
BRIAN J. LEINBACH
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

Attorney of Record for Plaintiff

*s/ Kevin J. Larsen*
KEVIN J. LARSEN
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0258
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117

WALTER J. LACK
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067-4107
Tel: (310) 552-3800
Fax: (310) 552-9434

GREGORY A. YATES
16830 Ventura Blvd, Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038

OF COUNSEL:

ANTHONY P. HOANG
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Fax: (202) 353-2021

GLADYS ORR COJOCARI
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL HOWARD
Office of the Chief Counsel

Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227