IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WINNEBAGO TRIBE OF NEBRASKA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 06-cv-00913L |
| | ) | Judge Margaret M. Sweeney |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S AMENDMENT TO JOINT STATUS REPORT**

Plaintiff, Winnebago Tribe of Nebraska, hereby amends the April 30, 2007 joint status report previously submitted by the parties in this case. The purpose of Plaintiff's amendment is to advise this Court that Plaintiff has filed a joinder to a motion for a document preservation order in a trust accounting case it has filed in the United States District Court (Case No. 05-CV-2493-JR). The motion requesting a document preservation order, which Plaintiff joined, was filed in a similar trust accounting case also pending in the District Court entitled, *The Ak-Chin Community v. Kempthorne, et al.,* (Case No. 06-CV-02245-JR).

Pursuant to this Court's Order dated March 8, 2007, Plaintiff, and Defendant, United States of America, submitted a joint status report concerning (1) whether a document preservation order similar to the one issued on March 19, 2004, in the *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133 (2004), was necessary in this case; and (2) whether the jurisdictional limitations set forth in 28 U.S.C. §1500 apply to this case. The joint status report

generally stated that the parties did not see a need for a *Pueblo of Laguna* style document preservation order and that 28 U.S.C. §1500 was not implicated in the case. Because Plaintiff is now joining a motion for a document preservation order, it feels compelled to explain what may be interpreted as conflicting positions on the document preservation issue.

In March, 2007, Plaintiff did not feel compelled to seek a document preservation order in this case for two main reasons. First, although the 37 tribal trust cases pending in the United States District Court have been transferred to a single judge, Honorable James Robertson, the same is not true for the 55 tribal trust cases pending in the United States Court of Federal Claims (hereinafter "CFC")[1]. In March, 2007, Plaintiff was of the opinion that a document preservation order issued by one of the many judges hearing tribal trust cases in the CFC could be inconsistent or in conflict with other judicial orders issued in other CFC cases by different CFC judges. Further confusing the issue, other CFC judges may determine that a document preservation order is not warranted.

Recently, Plaintiff in the *Ak-Chin Community* case filed a motion asking Judge Robertson to issue a document preservation order. Plaintiff herein, as well as 28 other tribes maintaining tribal trust cases in the District Court, have joined that motion in the hope that Judge Robertson will issue a global document preservation order in each of the tribal trust cases pending before him[2]. Plaintiff herein believes that a document preservation order issued by Judge Robertson is

---

[1] In particular, counsel representing Plaintiff herein represents 15 other Indian Tribes, each with trust related cases pending in the CFC. There are 16 different judges hearing the 16 cases pending in the CFC.

[2] Judge Robertson has previously consolidated the tribal trust cases pending before him for other purposes including Defendant's motion to remand.

the proper mechanism to globally require Defendant to adopt a meaningful process to ensure potential evidence related to tribal trust fund cases is preserved.

A second reason why Plaintiff did not seek a document preservation order in March, 2007, was due to the agreement between the parties that they would seek a temporary stay of the litigation for the purpose of exploring a informal resolution of this case. Plaintiff and Defendant continue to work toward the resolution of this case.

Plaintiff makes this amendment in the spirit of full disclosure. Plaintiff believes a document preservation order issued by Judge Robertson in the District Court is warranted and judicially efficient given the large number of tribal trust cases pending before him. The March, 2007 joint status report previously filed in this case should not be interpreted as being contrary to Plaintiff's efforts in the District Court. Plaintiff believes that all tribal trust related cases would benefit from a single, clear and reasonable document preservation order.

Respectfully submitted this 13th day of June, 2008,

/s/

Brian J. Leinbach, Esq.
California State Bar No.161739
bleinbach@elllaw.com
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd, 16th Floor
Los Angeles, California 90067
Tel: (310) 552-3800
Fax: (310) 552-9434

Attorneys for Plaintiff
**WINNEBAGO TRIBE OF NEBRASKA**

**OF COUNSEL**:

PATRICIA A. MARKS
15992 A.E. Mullinix Road
Woodbine, MD 21797-8440
Tel: (410) 489-4553
Fax: (301) 854-5117
Markspattyesq@aol.com

GREGORY A. YATES
Law Offices of Gregory A. Yates
16830 Ventura Blvd., Suite 250
Encino, CA 91436
Tel: (310) 858-6944
Fax: (818) 905-7038
gyates@gregoryayates.net

KEITH GRIFFIN
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017-1904
Tel: (213) 977-0211
Fax: (213) 481-1554
kgriffin@girardikeese.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Amended Status Report was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

Anthony P. Hoang
Jody H. Schwarz
Jennifer Leigh Allaire
Martin J. Lalonde
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington DC 20044-0663

OF COUNSEL:

Gladys Orr Cojocari
Office of the Solicitor
United States Department of Interior
Washington, D.C. 20240

Terri Dawson
Office of the Chief Counsel
Financial Management Service
United States Department of Treasury
Washington D.C. 20227

This 13th day of June, 2008.

/s/ *Brian J. Leinbach*