# In the United States Court of Federal Claims

No. 06-913 L
(Filed: July 7, 2008)

***********************************
WINNEBAGO TRIBE OF NEBRASKA, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
***********************************

## ORDER

On July 3, 2008, the parties in the above-captioned case filed the Parties' Joint Motion and Supporting Joint Status Report for Extension of Temporary Stay of Litigation, and [Proposed] Order. The parties request that the stay in this case be continued through January 15, 2009, to enable them to "continue to discuss the formulation and possible execution of an appropriate, mutually satisfactory alternative resolution of Plaintiff's issues and claims" in this case, its companion case in the United States District Court for the District of Columbia ("D.D.C."), and the other tribal trust accounting and mismanagement cases pending in this court, the D.D.C., and the federal district courts in Oklahoma.

Before the court can address the parties' request, it must revisit the issue of jurisdiction. On March 8, 2007, the court directed the parties to address in a joint status report whether 28 U.S.C. § 1500 would be at issue in this case. In their April 30, 2007 joint status report, plaintiff asserted that its complaint did not implicate 28 U.S.C. § 1500, while defendant asserted that it was "still investigating the applicability of 28 U.S.C. § 1500 to this case, but, at [that] time, it ha[d] not determined that 28 U.S.C. § 1500 is implicated herein." Both parties "reserve[d] their right to amend their positions as to the applicability of 28 U.S.C. § 1500 as this case and the companion case in the District Court evolve and relevant facts become more fully developed." Plaintiff, in a June 13, 2008 amendment to the April 30, 2007 joint status report, characterized the parties' position on 28 U.S.C. § 1500 as follows: "The joint status report generally stated that . . . 28 U.S.C. § 1500 was not implicated in this case." Defendant took issue with plaintiff's characterization and in footnote three of the July 3, 2008 joint status report, asserted:

> Contrary to the representation in Plaintiff's amendment, Defendant did not and does not take the position that 28 U.S.C. § 1500 is not implicated in this case. In fact, based on its initial review, Defendant has preliminarily determined that

§ 1500 applies to this case and that it probably would bring a motion to dismiss the case under § 1500, in the event that the parties' informal settlement or ADR efforts were unsuccessful or litigation were to resume.

"Exercise of the power to stay an action is tantamount to exercising the Court's jurisdiction." Medina Constr., Ltd. v. United States, 43 Fed. Cl. 537, 561 (1999) (citing Cincinnati Elec. Corp. v. United States, 32 Fed. Cl. 496, 505 (1994)). When a court lacks jurisdiction, it cannot grant, or as in this case, continue a stay. Id. (citing Dico, Inc. v. United States, 33 Fed. Cl. 1, 4 (1993), aff'd, 48 F.3d 1199 (Fed. Cir. 1995)). Accordingly, if defendant is possessed of facts that conclusively establish that this court lacks jurisdiction, it should move to dismiss. Alternatively, if defendant is still developing its jurisdictional challenge simultaneous with its settlement negotiations, then there is no obligation to file its motion at this stage of the proceedings.

The parties' joint motion is **GRANTED**. The proceedings in this case shall remain **STAYED** through **Thursday, January 15, 2009**. The parties shall file a joint status report **no later than Thursday, January 15, 2009**, which shall include: (1) the parties' progress in their discussions; (2) a proposal on how to proceed in this case, if necessary; and (3) if necessary, a proposed schedule of proceedings, including, at a minimum, a proposed deadline for defendant's response to plaintiff's complaint. If the parties come to an impasse or otherwise require the court's assistance before January 15, 2009, either party may file a status report to request a status conference.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge